(Pleito No. 175.—Fallado el 28 de Febrero de 1902.)

## Hernaiz contra Mas.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

Procedimiento en los juicios ejecutivos. El juicio ejecutivo no puede suspenderse por otros incidentes que los que nazcan de las cuestiones de competencia ó de acumulación á un juicio universal, no se termina con la sentencia de remate, y siendo parte integrante del mismo las actuaciones posteriores de la vía de apremio, tampoco son admisibles en éstas los incidentes, como el de nulidad, que interrumpan su parte más esencial cual es el cumplimiento de la sentencia.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y ocho de Febrero de mil novecientos dos, en los autos del juicio ejecutivo seguido en el Tribunal de Distrito de San Juan por la sociedad mercantil Sucesores de José Hernaiz, del comercio de esta plaza, contra Don Arturo Mas y Gelpí, del comercio de Caguas; é incidente sobre nulidad de actuaciones promovido por el deudor en las diligencias de la vía de apremio del referido juicio ejecutivo, autos pendientes ante Nos á virtud del recurso de casación por infracción de ley interpuesto por la sociedad ejecutante, representada por su Abogado defensor Don Wenceslao Bosch, habiendo llevado la representación del ejecutado Don Arturo Mas su Abogado defensor Don Manuel F. Rossy y Calderón. Resultando: Que despachada ejecución por el Tribunal de Distrito de San Juan á instancia de la sociedad mercantil del comercio de esta plaza, Sucesores de José Hernaiz, contra Don Arturo Mas, del comercio de Caguas, en cobro de seiscientos cuarenta pesos, cuarenta y nueve centavos, moneda provincial, procedentes de un pagaré, se trabó el embargo sobre una casa propiedad del deudor, y seguido el juicio en rebeldía de éste, se dictó sentencia de remate por la que se mandó seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados, para hacer pago al acreedor de su

crédito, intereses y costas y que notificada esta sentencia, personalmente al deudor, se personó en los autos por escrito, bajo su sola firma, consignando los trescientos ochenta y cinco pesos oro como equivalente de los seiscientos cuarenta pesos, cuarenta y nueve centavos, moneda provincial, de la deuda principal, y pidiendo se tasaran las costas, á lo que accedió, entregándose á la sociedad ejecutante la cantidad consignada.—Resultando: Que continuada la vía de apremio para hacer efectivas las costas y los intereses devengados, se sacó á pública subasta la casa embargada, previa tasación de la misma por un solo perito nombrado por los ejecutantes, y no habiéndose presentado postor, se les adjudicó por las dos terceras partes de su tasación, en cuyo estado presentó escrito el deudor bajo la firma y dirección del Abogado Don Manuel F. Rossy, promoviendo demanda incidental de nulidad de actuaciones, para que se declararan nulas las practicadas desde el folio 82 vuelto hasta el 129 vuelto, con las costas á la sociedad ejecutante, por habérsele considerado en rebeldía cuando ésta había cesado por su comparecencia personal en el juicio, y que sustanciado el incidente con suspensión del procedimiento, no obstante el recurso de reposición que estableció la sociedad ejecutante contra la providencia que lo admitió, y que fué desestimado, así como el de queja que igualmente interpuso contra el auto que le denegó el de casación, que también estableció, contra el auto denegatorio de la reposición propuesta, se dictó sentencia por el Tribunal de Distrito de San Juan, en diez y seis de Marzo del año próximo pasado, por la que se declaró por mayoría de votos con lugar el artículo propuesto, declarándose nulas las actuaciones practicadas desde el folio 86 vuelto al 129 vuelto, sin especial condenación de costas. — Resultando: Que contra esta sentencia interpuso la sociedad ejecutante recurso de casación por infracción de ley, que le fué admitido como autorizado por el artículo 78 de la Orden General número 118, de diez de Agosto de mil ochocientos noventa

y nueve, en relación con el número 1º del artículo 1,689 de la Ley de Enjuiciamiento Civil, y números 1º y 2º de este último artículo que debe entenderse el 1,690 de la propia ley, citando como infringidos:—1º El artículo 1,478 de la misma ley procesal, que dice que en los juicios ejecutivos no se admitirán otros incidentes que los que nazcan de las cuestiones de competencia ó de acumulación á un juicio universal. Si el incidente promovido por Don Arturo Mas no es de competencia ni de acumulación, sino de nulidad de actuaciones, es indudable que el Tribunal *a quo* debió declararlo sin lugar con las costas, y al no hacerlo así, es evidente que el artículo 1,478 se ha infringido, sin que obste la invocación de los artículos 741, 743 y 744 de dicha ley procesal civil, porque las reglas generales de estos artículos están modificadas expresamente al tratar de ciertos procedimientos, entre ellos, los juicios ejecutivos, respecto de los cuales rige la prescripción del artículo 1,478, según declaró en su oportunidad el Tribunal Supremo de Justicia de Madrid que era el llamado á interpretar dichos artículos, en sentencia de treinta de Diciembre de mil ochocientos noventa y cinco.—2º El artículo 1,477 de la Ley de Enjuiciamiento Civil citada, que dice que no producen excepción de cosa juzgada las sentencias en los ejecutivos.—3º La jurisprudencia constantemente establecida por el que fué Tribunal Supremo de esta Isla, ó sea, el de España, en materia de incidentes en juicios ejecutivos, de la cual se infiere que para subsanar los defectos que en los juicios ejecutivos puedan ocurrir, hay que proceder al juicio ordinario en la forma que autoriza el artículo 1,477 de la ley procesal civil. Tal jurisprudencia se ve entre otras sentencias en las de diez y siete de Marzo de mil ochocientos noventa y ocho, catorce de Diciembre de mil ochocientos noventa y uno, cuatro de Junio de mil ochocientos noventa, y ocho de Noviembre de mil ochocientos noventa y cuatro.—4º El artículo 358 de dicha ley procesal civil, que declara que las sentencias deben ser claras y precisas y congruentes con

las demandas y con las demás pretensiones deducidas oportunamente en el pleito, pues si Don Arturo Mas solicitó la nulidad de lo actuado, desde el auto de seis de Julio de mil ochocientos noventa y nueve, folio 82 vuelto, y el recurrente no disintió acerca de si la nulidad debía arrancar desde tal ó cual fecha, sino que negó en absoluto que hubiera vicio alguno de todas las hojas del proceso, es indudable que al Tribunal *a quo* sólo pudo serle lícito declarar ó no con lugar la petición del promovente del recurso, y no reducir la nulidad en términos no solicitados por el expresado promovente, y al no hacerlo así, es indudable que el artículo 358 quedó infringido.—Visto: Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.— Considerando: Que, con arreglo al artículo 1,478 de la Ley de Enjuiciamiento Civil, el juicio ejecutivo no puede suspenderse por otros incidentes que los que nazcan de las cuestiones de competencia ó de acumulación á un juicio universal.—Considerando: Que es también doctrina jurídica, fundada en la jurisprudencia del Tribunal Supremo de Justicia de España, que el juicio ejecutivo no se termina con la sentencia de remate, sino que son parte integrante del mismo las actuaciones posteriores de la vía de apremio para hacer pago al acreedor de su crédito, con los intereses y las costas, y por consiguiente que es aplicable al procedimiento de apremio en el juicio ejecutivo el precepto del artículo citado de la ley procesal.— Considerando: Que esta doctrina no la contradice el artículo 1,529 de la propia ley, pues si bien se infiere de él que en el procedimiento de apremio en el juicio ejecutivo pueden admitirse incidentes de los que se ventilan en piezas separadas y que no oponen obstáculo al seguimiento de la demanda principal, no así los llamados de previo y especial pronunciamiento, qué se ventilan en la misma pieza principal de los autos y suspenden su curso hasta su terminación, como sucede con los de nulidad de actuaciones y otros de la misma índole, los cuales deben estimarse comprendidos en

el precepto que contiene el artículo 1,478 de la misma Ley de Enjuiciamiento Civil, pues si existe alguna razón para que el procedimiento ejecutivo en su primer período no se suspenda por ningún incidente ó artículo que entorpezca ó dilate el pronunciamiento de la sentencia de remate, esa misma razón existe para que no se admita ninguno que interrumpa el cumplimiento de la misma sentencia en su parte más esencial, cual es la venta de los bienes embargados para con su importe hacer pago al acreedor ejecutante de su crédito, intereses y costas; máxime cuando al deudor el quedan expeditos los recursos que la ley le concede para pedir en la vía y forma que fuere procedente la reparación de cualquier agravio que se le haya podido causar en la ejecución de la misma sentencia de remate.—Considerando, por tanto: Que al declarar el Tribunal de Distrito de San Juan con lugar el artículo de nulidad de actuaciones propuesto por la representación del deudor Don Arturo Mas, en el procedimiento de apremio del juicio ejecutivo de que se trata, ha infringido el artículo 1,478 de la Ley de Enjuiciamiento Civil, que se cita en el primer motivo del recurso.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley interpuesto por la mercantil "Sucesores de José Hernaiz" contra la referida sentencia del Tribunal de Distrito de San Juan, la que casamos y anulamos, sin especial condenación de costas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico en Puerto Rico, á veinte y ocho de Febrero de mil novecientos dos.—E. de J. López Gaztambide, *Secretario*.